CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 2 0 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER BOWMAN,<br>    Plaintiff, | )<br>)   Civil Action No. 7:07-cv-00091<br>) |
| v. | )   **MEMORANDUM OPINION**<br>) |
| LT. JONES,<br>    Defendant. | )   By: Hon. James C. Turk<br>)   Senior United States District Judge |

Plaintiff Christopher Bowman, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Bowman alleges that the defendant, an officer at the Danville Adult Detention Center (DADC), violated his constitutional rights by refusing to feed him and spraying him with pepper spray for no reason. The court conditionally filed the complaint, notified Bowman that his allegations failed to state a constitutional claim against the defendant, and granted him an opportunity to amend to particularize his claims. He has submitted a statement of facts that the court will construe as a motion to amend, along with necessary financial information and a verified statement indicating (without documentation in support) that he attempted to exhaust administrative remedies at the jail. The court will grant Bowman's motion to amend, but upon review of his allegations as amended, finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

I.

Bowman's amended complaint tells the following story. On February 20, 2007, Bowman was housed in a cell in the segregation pod of the DADC. Earlier that day, another inmate had flooded his cell, so the officers turned off the water to the entire pod. The inmates told the officers that they should only turn off the water in the cell where the offending inmate was housed, but the water stayed off. The inmates then protested by ripping up paper in their cells and throwing it into the corridor. Officers came and made some of the inmates clean up the paper. The inmates demanded to have their water turned back on, but the officers refused and left. Again, the inmates ripped up paper and threw it into the corridor. This time the officers directed the inmate who had flooded his cell to clean up the paper. Thereafter, supper was served. Plaintiff and his friends, Elbryn Davis and Joel Turner, were served bag lunches instead of hot food trays like the other inmates received. Bowman and Davis protested this unfair treatment by ripping up their bags and throwing them on the floor. At dinner time, the two inmates again received a bag meal instead of a tray and were taken to the receiving cell. Davis was later removed, and Bowman remained in that cell all night, alone.

The next morning Bowman received a regular breakfast tray. At noon, however, he received a bag lunch. He ate the lunch, ripped up the bag, and threw it into the hall. He told the officers that they were doing their jobs wrong and treating him badly. When none of the officers came to feed him at dinner time, he began banging on the tray flap. An officer came to the door, and Bowman asked where his food was. The officer told him that Lt. Jones was not going to feed Bowman. Bowman then began banging on his tray slot and demanded his food. Lt. Jones came to the cell and

2

told Bowman that he was not going to get fed, that he could eat what was on the floor. After Lt. Jones left, Bowman resumed banging on his tray slot, hollering that he wanted his food. Lt. Jones returned to the cell and came through the door, spraying Bowman with pepper spray on the side of his face and on his back. He kept spraying, while telling Bowman to stop banging the tray slot. Bowman asked why the officer was spraying him. Lt. Jones allegedly responded, "Because I want to. I don't have to have a reason. I have the badge on, not you. I can do what I want. Do you think you're the first person that I've sprayed for no reason?" Lt. Jones left, and no one allowed Bowman any water to wash off the pepper spray until the 7:00 shift started. He told the new officers on duty about the incident, and they turned the water on and brought him a bag lunch. The pepper spray burned his shoulder and back so that he could not fall asleep until 2:30 a.m.

The next day officers brought Bowman regular food trays and returned him to his segregation cell. Elbryn Davis then decided to flood his cell. Lt. Jones and other officers came to the unit and turned off Davis' water. Lt. Jones asked Bowman if he was "going all the way with Elbryn Davis." When Bowman just looked at him, Lt. Jones said, "I guess that means you are going all the way." Bowman soon discovered that his water had been cut off. He and Davis received no supper tray. When the 7:00 p.m. shift started, the inmates told officers that they had not been fed, and the officers brought them bag lunches. One of the officers told Bowman to write a report about what had happened, and he did. He has had no response since filing that report. Bowman does not state what sort of relief he seeks in filing this lawsuit.

3

II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and (2) that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the objective element of a conditions claim, the plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). Allegations of inadequate prison food service may be sufficient to state a cognizable claim under §1983, so long as the deprivation is serious. Bolding v. Holshouser, 575 F.2d 461, 465 (4th Cir. 1978); French v. Onion, 777 F.2d 1250, 1255 (7th Cir. 1985) (finding that inmates are entitled to receive nutritionally adequate food). On the other hand, occasional, short-lived problems with prison food service and isolated instances of inmates missing a meal or two doe not implicate the Eighth Amendment. See Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir 1985) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." ); Islam v. Jackson, 782 F. Supp. 1111, 1114 (E.D. Va. 1992) (finding that inmate's missing one

4

meal as isolated event did not state Eighth Amendment violation).

Bowman's allegations fail to state any constitutional claim related to the food provided to him on February 20-21, 2007. He alleges that he missed several meal trays, but admits that he received bag lunches each time instead. On a couple of occasions, he had to wait a couple of hours for the bag lunch until the next shift of officers arrived. He does not even allege that he felt hungry as a result of these brief delays or that he suffered any injury whatsoever. The court will dismiss Bowman's prison conditions claims without prejudice, pursuant to § 1997e(a), for failure to state a constitutional claim.[2]

A prison guard's use of physical force against an inmate which constitutes "the unnecessary and wanton infliction of pain" violates the Cruel and Unusual Punishment Clause of the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319-20 (1986). When an inmate alleges excessive force, the key inquiry is "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1 (1992). On the other hand, de minimis injury can be conclusive evidence that the force used was also de minimis and, therefore, not violative of constitutional protections. See Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994). Thus, absent the most extraordinary circumstances, an inmate cannot prevail on an excessive force claim if he proves no more than de minimis injury. Id. The Fourth Circuit has defined two types of extraordinary circumstances that give rise to an excessive force claim where plaintiff suffered de minimis injury: when the "force used [is] of a sort repugnant to

---

[2] To the extent that Bowman claims a constitutional deprivation from having the water off in his cell for a few hours, such claims fail on the ground that Bowman fails to allege any injury whatsoever stemming from this condition. See Strickler, 989 F.2d at 1380-1381.

5

the conscience of mankind . . . or the pain itself [is] such that it can properly be said to constitute more than de minimis injury." Id. at 1264 n. 4.

Bowman alleges that Lt. Jones pepper sprayed him for "no reason," and bragged that as an officer, he could pepper spray an inmate whenever he wanted for no reason. This conduct and statement, if actually uttered by a prison official, indicate a disturbing lack of professionalism and an erroneous belief that officers may wantonly inflict pain on inmates simply because they can. It is beyond doubt, however, that Bowman, too, misunderstands his position as an inmate, obstinately and mistakenly believing that he may protest undesirable treatment by whatever means he chooses, without consequence. Clearly, his childish behavior earned him the minor inconveniences and discomforts of receiving cold meals and even missing a meal or two, and the officers' use of these unconventional (and perhaps unauthorized) methods to restore order does not implicate any constitutional right.

It is not clear that pepper spray as a first reaction to Bowman's tray slot banging was a proportional use of force, even in light of his several, previous trash-strewn tirades. Lt. Jones escapes having to defend his own behavior to the court, however, because Bowman fails to allege facts indicating that he suffered more than de minimis harm as a result of the pepper spray incident. Even after being directed by the court to amend the complaint to describe his injuries, Bowman says that, at most, the pepper spray burned his skin and kept him awake until 2:30 a.m. one night. He does not indicate that he sought medical treatment or that after that night, he suffered any further ill effects as a result of the pepper spray. The de minimis injury he alleges is conclusive evidence that the use of pepper spray, in this instance, did not constitute wanton infliction of pain in violation of

the Eighth Amendment. Although Lt. Jones allegedly said he was pepper spraying Bowman "for no reason," he did, in fact, have some justification for using a means of force to bring Bowman under control and restore order, given Bowman's continued rebellious behavior. Therefore, the court cannot find that Lt. Jones' use of pepper spray constituted a sort of force "repugnant to the conscience of mankind" so as to give rise to a constitutional claim.

III.

Based on the foregoing, the court will summarily dismiss the complaint without prejudice, pursuant to § 1915A, for failure to state a claim upon which relief can be granted. An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to the defendant.

ENTER: This 20th day of March, 2007.

*/s/ James C. Turk*
Senior United States District Judge